# Composite Exhibit "A"

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JOSE LUIS MIRABAL,                               )
                                                 )
            Plaintiff,                           )
                                                 )
v.                                               )
                                                 )       Case No.:
HAIRPEOPLE HAIRCUTS, INC., DAWN                  )
DELANEY, and ROBERT DELANEY,                     )
                                                 )
            Defendants.                          )
_____)

## COMPLAINT

Plaintiff JOSE LUIS MIRABAL ("Plaintiff") sues defendants HAIRPEOPLE

HAIRCUTS, INC., ROBERT DELANEY and DAWN DELANEY (collectively, "Defendants")

and alleges:

1.      This is an action to recover money damages for unpaid minimum and overtime

wages under the laws of the United States, for discrimination under 42 U.S.C.A. § 1981, and for

retaliation under Florida Statutes Section 440.205[1]. This Court has jurisdiction pursuant to the

Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the

Act").

2.      This is an action for damages that exceeds $15,000.00 exclusive of interest,

attorney's fees and costs.

3.      Defendant HAIRPEOPLE HAIRCUTS, INC. ("Hairpeople") is a Florida

corporation duly organized and existing under the laws of the State of Florida and conducting

---

[1] Plaintiff will file a charge of discrimination against Hairpeople. Once the EEOC issues its right
to sue, Plaintiff will seek to amend this complaint to include counts of disability, race, and
national origin discrimination and retaliation.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                          Telephone: 305.503.5131
Aventura, Florida 33180                                  Facsimile: 888.270.5549

business in Broward County, Florida. Defendants ROBERT DELANEY and DAWN DELANEY (the "Individual Defendants"), upon information and belief, are residents of Broward County, Florida, where Plaintiff worked for Defendants.

4.      The acts or omissions giving rise to this complaint occurred in whole or in part in Broward County, Florida.

5.      Plaintiff is a covered employee for purposes of the Act.

6.      All conditions precedent to bringing this action have occurred, been performed or been excused.

7.      Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: WAGE AND HOUR STATUTORY
## VIOLATION AGAINST HAIRPEOPLE

8.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 7 above as if set out in full herein.

9.      This action is brought by Plaintiff to recover from Hairpeople unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207.

10.      Section 207(a)(1) of the Act states: "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11.     Section 206(a)(1) of the Act states: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

12.     The Act provides minimum standards that may be exceeded but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

13.     In Florida, the minimum wage in 2019 is $8.46 per hour.

14.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Hairpeople is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, Hairpeople operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Hairpeople obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers.

15.     Upon information and belief, the annual gross revenue of Hairpeople was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

16.     Because Hairpeople is a cash-only business, Plaintiff will seek to audit Hairpeople should Hairpeople deny enterprise coverage in this case.

17.     By reason of the foregoing, Hairpeople is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff was engaged in interstate commerce for Hairpeople. Hairpeople's business activities involve those to which the Act applies. Hairpeople is a hair salon and, through its business activity, affects interstate commerce. The salon is located in a touristic section of Hallandale Beach, Florida. It serves tourists and international customers. Once the customers pay Haripeople in cash, this cash is deposited throughout the day in a near bank location. Plaintiff's work for Hairpeople likewise affects interstate commerce. Plaintiff was employed by Hairpeople as a barber for Hairpeople's business.

18.     While employed by Hairpeople, Plaintiff routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one-half times the regular rate at which he was employed.

19.     Plaintiff was paid approximately $500 per week. In a good week, Plaintiff was paid approximately $800 per week.

20.     Plaintiff was an employee of Hairpeople and not an independent contractor of Hairpeople. Hairpeople misclassified Plaintiff and as a result Plaintiff is evaluating whether to bring a cause of action under 26 U.S.C. §7434 and §7434(b)(1)-(3)[2].

---

[2] In addition, the Defendants threw away Plaintiff's license and tools. Once discovery reveals how much money (in lost moneys and compensatory mental damages) the Plaintiff has lost as a result of the bad acts of the Defendants, Plaintiff will amend this complaint to include counts seeking redress for those wrongdoings.

21.    Plaintiff worked for Hairpeople from January 2019 through approximately June of 2019; approximately 23 compensable weeks under the Act.

22.    When Plaintiff worked more than 40 hours per week for Hairpeople, he was not compensated time and one half for the hours he worked in excess of 40 per week. On average, Plaintiff worked 60 hours per week.

23.    Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid wages is as follows:

    **a.  Minimum Wages**
        i.  $500/60= $8.33 - $8.46 x 60 x 23 (compensable weeks) = $179.40

    **b.  Overtime Wages**
        i.  $8.46 x .5 x 20 (overtime hours) x 23 (compensable weeks) = $1,945.80

    **c.  Liquidated Damages**: $2,125.20

    **d.  Grand Total**: $4,250.40 plus reasonable attorney's fees and costs.

24.    At all times material hereto, Hairpeople failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Hairpeople to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in the Act.

25.    Hairpeople knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Hairpeople as set forth above, and

Plaintiff is entitled to recover double damages. Hairpeople never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime wage payments.

26.     Hairpeople willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime and minimum wages since the commencement of Plaintiff's employment with Hairpeople as set forth above.

27.     Hairpeople willfully and intentionally failed to keep records of all hours worked by Plaintiff and of all payments made to Plaintiff pursuant to the Act and the Code of Federal Regulations.

28.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A.     Enter judgment for Plaintiff and against Hairpeople on the basis of Hairpeople's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty per week, with interest; and

C.     Award Plaintiff an equal amount in double damages/liquidated damages; and

D.     Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.     Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

SAENZ & ANDERSON, PLLC

6

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR FEDERAL (FLSA)
## STATUTORY VIOLATION BY PLAINTIFF AGAINST THE INDIVIDUAL
## DEFENDANTS

29.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

30.     At the times mentioned, the Individual Defendants were, and are now, owners/officers of Hairpeople. The Individual Defendants are employers of Plaintiff within the meaning of Section 3(d) of the Act in that the Individual Defendants acted directly in the interests of Hairpeople in relation to its employees, including Plaintiff. The Individual Defendants had operational control of the business and are jointly and severally liable for Plaintiff's damages.

31.     The Individual Defendants were and are, at all times relevant, persons in control of Hairpeople's financial affairs and could cause Hairpeople to compensate (or not to compensate) its employees in accordance with the Act.

32.     The Individual Defendants willfully and intentionally caused Plaintiff not to receive minimum wages or overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these minimum and overtime wages since the commencement of Plaintiff's employment with Hairpeople as set forth above.

33.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

7

A.      Enter judgment for Plaintiff, and others similarly situated, and against the Individual Defendants on the basis of Individual Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.      Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C.      Award Plaintiff an equal amount in double damages/liquidated damages; and

D.      Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.      Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: COERCION UNDER FLA. STAT. SEC. 440.205

34.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 7 above as if set out in full herein.

35.     At all times relevant, Plaintiff was an employee of Hairpeople.

36.     In or about May or early June of 2019, Plaintiff contracted an infection on his hand while working at Hairpeople. This constituted a work-related injury.

37.     On or about June 2, 2019, Plaintiff was hospitalized as a result of the infection to his hand.

38.     Plaintiff's injury to his hand required medical treatment.

39.     After the work-related injury as described above, Plaintiff reported his injury to Hairpeople and requested medical treatment.

40.     After his hospitalization, Plaintiff took approximately 10-14 days off from work, which Hairpeople approved.

41.     However, in an act of intimidation and coercion, Hairpeople did not notify its worker's compensation insurance, Plaintiff received no salaries, and Plaintiff was not offered any type of benefit. This resulted in financial detriment to the Plaintiff (which included an expense for medical treatment he had to upfront) and also negatively impacted Plaintiff's overall health.

42.     On or about June 12, 2019, Hairpeople terminated Plaintiff and did not allow him to re-commence work.

43.     Fla. Stat. § 440.205   states that "[n]o employer shall discharge, threaten to discharge, **intimidate, or coerce** any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

44.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for Hairpeople to engage in the acts outlined in paragraph 41 of this complaint was that Plaintiff sought or attempted to seek compensation under the Workers' compensation law of this state, as Plaintiff was entitled to do.

45.     A motivating factor, which caused Hairpeople to coerce and intimidate Plaintiff as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

46.     Alternatively, Plaintiff would not have been coerced or intimidated but for his claiming worker's compensation benefits as described above.

47.     Hairpeople's coercion and intimidation of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

48.     By reason of Hairpeople's wrongful coercion and intimidation of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

49.     Hairpeople's conduct in wrongfully coercing and intimidating Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests judgment against Hairpeople for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## COUNT IV: TERMINATION UNDER FLA. STAT. SEC. 440.205

50.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 7 above as if set out in full herein.

51.     At all times relevant, Plaintiff was an employee of Hairpeople.

52.     On or about May or early June of 2019, Plaintiff contracted an infection on his hand while working at Hairpeople. This constituted a work-related injury. On or about June 2, 2019, Plaintiff was hospitalized as a result of the infection to his hand.

53.     Plaintiff's injury to his hand required medical treatment.

54.     After the work-related injury as described above, Plaintiff reported his injury to Hairpeople and requested medical treatment.

55.     After his hospitalization, Plaintiff took approximately 10-14 days off from work, which Hairpeople approved.

56.     On or about June 12, 2019, Hairpeople terminated Plaintiff and did not allow him to re-commence work. In terminating Plaintiff, Hairpeople threw away Plaintiff's license to the garbage.

57.     Fla. Stat. § 440.205  states that "[n]o employer shall discharge, threaten to **discharge**, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

58.     Plaintiff's work prior to his discharge was satisfactory or more than satisfactory and the sole apparent reason for Hairpeople to terminate was that Plaintiff sought or attempted to seek compensation under the Workers' compensation law of this state, as Plaintiff was entitled to do.

59.     A motivating factor, which caused Hairpeople to terminate Plaintiff as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

60.     Alternatively, Plaintiff would not have been terminated but for his claiming worker's compensation benefits as described above.

61.     Hairpeople's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

62.     By reason of Hairpeople's wrongful termination of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

63.     Hairpeople's conduct in wrongfully terminating Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff respectfully requests judgment against Hairpeople for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## COUNT V: VIOLATION OF 42 U.S.C. § 1981 (DISCRIMINATION)

64.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 7 of this Complaint.

65.     Plaintiff was born in Cuba and is a citizen of Cuban descent. Plaintiff is a member of the "Cuban race" under 42 U.S.C. § 1981.

66.     At all times relevant, Plaintiff was in a contractual relationship with the Hairpeople and with the Individual Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

67.     Plaintiff was a barber rendering barber-type services for customers of Hairpeople.

68.     Plaintiff was paid on a commission basis by Hairpeople. Specifically, Hairpeople paid Plaintiff a percentage of what Hairpeople's customers paid to Hairpeople for services Plaintiff provided. For example, if a customer paid $10 for a haircut to Hairpeople, then Hairpeople gave a percentage of that $10 to Plaintiff as a salary.

69.     If Defendants gave few or to customers to Plaintiff to service, then Plaintiff made little money or no money throughout the workday.

70.      When Plaintiff worked for Defendants, Defendants intentionally gave Plaintiff less customers to service than Defendants gave to non-Cubans, or workers of non-Cuban ancestry. This resulted in Plaintiff making less money than his non-Cuban co-workers.

71.     Plaintiff objected to and complained about the discriminatory practice of the Defendants because this practice affected Plaintiff's salary.

72.     After Plaintiff complaints, Defendants terminated Plaintiff's employment, destroyed or misappropriated Plaintiff's barber's equipment, and threw Plaintiff's barber license into the trash.

73.     During the time Plaintiff worked for Defendants, they have violated Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by non-Cuban descendants, in violation of 42 U.S.C.A. § 1981(b), as amended.

74.     During the course of Plaintiff's employment with Defendants, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of work, as have non-Cuban employees of these Defendants.

75.     These Defendants' treatment, practices and policies directed toward Plaintiff denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by citizens that are not of Cuban descent, in violation of 42 U.S.C.A. § 1981, as amended.

76.     Defendants' treatment, practices and policies directed toward Plaintiff complained of in this complaint denied Plaintiff the right to make and enforce contracts as enjoyed by citizens of non-Cuban descent, in violation of 42 U.S.C.A. § 1981, as amended.

77.     Through the actions and treatment of Plaintiff, Defendants intended to discriminate against Plaintiff on the basis of his Cuban race and descent.

78.     During the course of Plaintiff's employment with Defendants, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his Cuban descent.

79.     Despite Plaintiff's complaints and objections to Defendants' discriminatory acts and/or conduct, these Defendants took no appropriate remedial action.

80.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

81.     Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendants for their violations of 42 U.S.C.A. § 1981, as amended;

B.  Award Plaintiff actual damages suffered;

C.  Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

D.  Award Plaintiff prejudgment interest on his damages award;

E.  Enjoin Defendants' officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT VI: VIOLATION OF 42 U.S.C. § 1981 (RETALIATION)

82.     Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 to 7 and 67 to 72 of this Complaint.

83.     Plaintiff was born in Cuba and is a citizen of Cuban descent.

84.     At all times relevant, Plaintiff was in a contractual relationship with Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

85.     During the time Plaintiff worked for Defendants, they violated Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms and conditions of his work as is enjoyed by non-Cuban descendants, in violation of 42 U.S.C.A. § 1981(b), as amended.

86.     During the time Plaintiff worked for the Defendants Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of work, as have non-Cuban workers of these Defendants.

87.     Plaintiff objected to being treated differently because he is a member of the Cuban race and in response the Defendants fired Plaintiff on June of 2019.

88.     By firing the Plaintiff, Defendants retaliated against Plaintiff on the basis of his Cuban race and descent.

89.     Defendants' firing of Plaintiff denied Plaintiff the right to make and enforce contracts as enjoyed by citizens of non-Cuban descent, in violation of 42 U.S.C.A. § 1981, as amended.

187.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

188.    Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendants for their violations of 42 U.S.C.A. § 1981, as amended;

B.  Award Plaintiff actual damages suffered;

C.  Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

D.  Award Plaintiff prejudgment interest on his damages award;

E.  Enjoin Defendants' officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.


Dated: October 14, 2019.

Respectfully submitted,

By: _s/ R. Martin Saenz
R. Martin Saenz, Esq.
Fla. Bar No.: 640166

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

Case 0:19-cv-62944-CMA  Document 1-1  Entered on FLSD Docket 11/27/2019  Page 18 of 28

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Jose Luis Mirabal</u>
 Plaintiff
        vs.
<u>HAIRPEOPLE HAIRCUTS, INC., Dawn Delaney, Robert Delaney</u>
Defendant

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JOSE LUIS MIRABAL,

       Plaintiff,

v.                                   Case No.

HAIRPEOPLE HAIRCUTS, INC.,
DAWN DELANEY, and ROBERT
DELANEY,

       Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE
OR PERSON AUTHORIZED BY THE COURT
TO SERVE PROCESS IN THIS ACTION**

      **YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint
for Damages in this action on the below-named Defendant:

**DELANEY, DAWN**
10622 VERSAILLES BLVD
WELLINGTON, FL 33449

The Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to wit:

                    R. Martin Saenz, Esquire
whose address is:    Saenz & Anderson, PLLC
                    20900 NE 30th Avenue, Ste. 800
                    Aventura, Florida 33180
                    Telephone: (305) 503-5131

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and
to file the original of the defenses with the clerk of this court either before service on Plaintiff's
attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against

that Defendant for the relief demanded in the Complaint.

DATED ON _____, OCT 23 2019

CLERK OF COURTS
as Clerk of said Court

By:_____

BRENDA D. FORMAN

(COURT SEAL)

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JOSE LUIS MIRABAL,

       Plaintiff,

v.                              Case No.

HAIRPEOPLE HAIRCUTS, INC.,
DAWN DELANEY, and ROBERT
DELANEY,

       Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE
OR PERSON AUTHORIZED BY THE COURT
TO SERVE PROCESS IN THIS ACTION**

      **YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint
for Damages in this action on the below-named Defendant:

              **DELANEY, ROBERT**
              400 N SURF RD #801
              HOLLYWOOD, FL

The Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to wit:

              R. Martin Saenz, Esquire
whose address is:    Saenz & Anderson, PLLC
              20900 NE 30th Avenue, Ste. 800
              Aventura, Florida 33180
              Telephone:  (305) 503-5131

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and
to file the original of the defenses with the clerk of this court either before service on Plaintiff's
attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against

that Defendant for the relief demanded in the Complaint.

DATED ON _____, 20__
                                        OCT 23 2019

CLERK OF COURTS
as Clerk of said Circuit & County Court

By: _____

**BRENDA D. FORMAN**

(COURT SEAL)

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JOSE LUIS MIRABAL,

      Plaintiff,

v.                         Case No.

HAIRPEOPLE HAIRCUTS, INC.,
DAWN DELANEY, and ROBERT
DELANEY,

      Defendants.

_____/

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

**TO EACH SHERIFF OF THE STATE
OR PERSON AUTHORIZED BY THE COURT
TO SERVE PROCESS IN THIS ACTION**

      **YOU ARE HEREBY COMMANDED** to serve this Summons and copy of the Complaint for Damages in this action on the below-named Defendant:

      **HAIRPEOPLE HAIRCUTS, INC.**
      c/o DELANEY, DAWN
      10622 VERSAILLES BLVD
      WELLINGTON, FL 33449

The Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, to wit:

      R. Martin Saenz, Esquire
whose address is:    Saenz & Anderson, PLLC
      20900 NE 30th Avenue, Ste. 800
      Aventura, Florida 33180
      Telephone:  (305) 503-5131

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's

attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

DATED ON _____ OCT 23 2019


CLERK OF COURTS
as Clerk of said Court

By: _____

BRENDA D. FORMAN

(COURT SEAL)

Case 0:19-cv-62944-CMA Document 1-1 Entered on FLSD Docket 11/27/2019 Page 25 of 28

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JOSE LUIS MIRABAL,

        Plaintiff,

v.

HAIRPEOPLE HAIRCUTS, INC., DAWN
DELANEY, and ROBERT DELANEY,

        Defendants

        Defendants.

Case no.: CACE 19-021311

## **NOTICE OF APPEARANCE**

YADHIRA RAMÍREZ-TORO, ESQ. from the law firm of SAENZ & ANDERSON, PLLC, hereby gives notice of appearing on behalf of plaintiff, and requests that copies of all motions, notices, and other pleadings heretofore or hereafter filed or served in this cause be furnished to the undersigned.

Pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for e-mail service in the above-referenced case:

Primary e-mail: yramirez@saenzanderson.com

Secondary      email:      yadhirart@gmail.com;      ursula@saenzanderson.com, asmukler@saenzanderson.com; Deaundra@saenzanderson.com.

Respectfully submitted,

**s/Yadhira Ramírez-Toro**

Yadhira Ramírez-Toro (FBN: 120506)
E-mail: yramirez@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida, 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on 23 October 2019, I electronically filed the foregoing document with the Clerk of the Court using the Florida E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the Florida E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/**Yadhira Ramírez-Toro**

## SERVICE LIST

R. Martin Saenz, Esq.
Email: msaenz@saenzanderson.com
Yadhira Ramírez-Toro
Email: yramirez@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JOSE LUIS MIRABAL,

            Plaintiff,

v.

HAIRPEOPLE HAIRCUTS, INC.,
DAWN DELANEY and ROBERT DELANEY,

            Defendants.           /

CASE NO.  CACE-19-021311 (02)

### NOTICE OF APPEARANCE AND COMPLIANCE WITH RULE 2.516(b)(1) AND DESIGNATION OF EMAIL ADDRESS

PLEASE TAKE NOTICE that **Dana M. Gallup, Esq.** of the law firm of **GALLUP AUERBACH** hereby appears in this proceeding as counsel for Defendants, **HAIRPEOPLE HAIRCUTS, INC.,** **DAWN DELANEY** and **ROBERT DELANEY**, and requests that all correspondence, notices and pleadings, motions and other papers be hereafter served on the undersigned counsel.

Dana M. Gallup, Esq., on behalf of **HAIRPEOPLE HAIRCUTS, INC., DAWN DELANEY** and **ROBERT DELANEY**, hereby files this Notice of Compliance with Rule 2.516(b)(1) and Designation of E-Mail Address and designate the following e-mail addresses for service of pleadings, notices, motions, orders and other documents in the above-styled matter:

| | |
|---|---|
| Primary E-Mail: | dgallup@gallup-law.com |
| Secondary E-Mails: | mescobar@gallup-law.com |
| | jauerbach@gallup-law.com |
| | dauerbach@gallup-law.com |
| | csox@gallup-law.com |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2019, the foregoing has been electronically filed with the Clerk of the Court via the Florida Courts E-Portal and a true and correct copy has been emailed via the portal's electronic service to R. Martin Saenz, Esq., (msaenz@saenzanderson.com), Saenz & Anderson, PLLC, 20900 NE 30th Avenue, Suite 800, Aventura, FL 33180.

**GALLUP AUERBACH**
*Counsel for Defendants*
4000 Hollywood Boulevard
Presidential Circle - Suite 265 South
Hollywood, Florida 33021
t: (954) 894-3035; f : (954) 894-8015
dgallup@gallup-law.com


By:  /s/ Dana M. Gallup
     DANA M. GALLUP
     Florida Bar No. 0949329

2